# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00188-CV

**Blayne D. Williams, Sr., Appellant**

**v.**

**Norman Bennett and I.B. Helburn, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH DISTRICT
### NO. D-1-GN-17-006933, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Blayne D. Williams, Sr., acting pro se, appeals from the trial court's order granting appellee I.B. Helburn's plea to the jurisdiction. By letter dated May 25, 2018, this Court questioned its jurisdiction over this appeal, explaining that this Court's jurisdiction is generally limited to appeals in which there exists a final or appealable judgment or order, and directed Williams to file a response by June 4, 2018, that addressed how this Court has jurisdiction over this appeal. We further advised Williams that the failure to do so would result in the dismissal of this appeal.

On June 1, 2018, Williams filed a motion for judicial notice, asking this Court to take judicial notice of constitutional and statutory provisions, a court order, and an agreement in the underlying proceeding, but he has not otherwise responded to this Court's letter directing him to file a response explaining how this Court has jurisdiction over this appeal. Further, the language of the trial court's order and the record in this case make clear that the order being appealed is not final or

among the types of interlocutory orders that are appealable. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (addressing appeals from interlocutory orders); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (determining whether judicial decree is final from "its language and the record in the case"). "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann*, 39 S.W.3d at 195 (footnote omitted).

In the underlying proceeding, Williams sued two different defendants. The trial court's order granting Helburn's plea to the jurisdiction only addresses the claims asserted against Helburn and does not purport to dispose of all claims or the claims asserted against the other defendant Norman Bennett. The record also does not contain a severance order. Thus, because the record before this Court does not contain an appealable judgment or order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).[1]

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed: June 14, 2018

_____

[1] On June 8, 2018, this Court received appellee Helburn's motion to dismiss for lack of jurisdiction. On the same day, this Court received Williams' motion for extension of time to file the clerk's record, the reporter's record, and his brief. We dismiss all pending motions as moot.